## BLUMBERG v. BRYAN.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1901.)

No. 1,015.

BANKRUPTCY—WIFE AS ADVERSE CLAIMANT.

    In Alabama the bankrupt's wife may be an adverse claimant, within Bankr. Law 1898, § 23; Code Ala. § 2526, giving the wife full legal capacity to contract as if sole, except as otherwise provided, and the position that a wife may claim property adversely to her husband being supported by sections 2520–2537, and there being no statute qualifying her right to be an adverse claimant.

Petition for Revision of Proceedings of the District Court of the United States for the Middle District of Alabama.

    Tennent Lomax and B. P. Crum, for petitioner.

    George F. Moore, for respondent.

    Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

    McCORMICK, Circuit Judge. Section 2526 of the Code of Alabama now in force provides, touching the wife's power to contract, that "the wife has full legal capacity to contract as if she were sole, except as otherwise provided by law." In that state a husband and wife may contract with each other, subject to the rules of law as to contracts by and between persons standing in confidential relations; but the wife shall not, directly or indirectly, become the surety for the husband. The whole scope of chapter 60, embracing sections 2520–2537 of the Code of Alabama, support the position that in that state the wife may claim property adversely to her husband, and we find no provision of statute law in force there which qualifies her legal capacity to be an adverse claimant, within the meaning of those terms as used in section 23 of the national bankrupt law. Therefore, on the authority of our decision in Re Abraham, 35 C. C. A. 592, 93 Fed. 767, it is ordered and decreed that the order of the court of bankruptcy entered in this cause on August 3, 1900, in so far as the same in any way affects the petitioner, E. Blumberg; and the order made by H. Booth, referee in bankruptcy for the Middle district of Alabama, dated October 19, 1900; and the order made by the Honorable John Bruce on the 6th day of November, 1900,—be, and the same are each and all hereby, reversed, set aside, and annulled, and the cause is remanded to the district court, sitting in bankruptcy, with instructions to dismiss the petition of T. L. Bryan, filed in the district court of the United States for the Middle district of Alabama, in the matter of H. Blumberg, bankrupt, on August 3, 1900, so far as the same in any way affects E. Blumberg, the wife of H. Blumberg, bankrupt, and to vacate all orders made thereon, and to restore to the said E. Blumberg the goods and properties taken from her possession, and allow her reasonable costs, in accordance with our views as expressed in our opinion in Re Abraham, supra, and let her have judgment for the same.